| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | **NOT FOR PUBLICATION** |

In re                                              :     Chapter 7 (Involuntary)
                                                   :
JOE AMINIAN,                                       :
                                                   :     Case No. 07-12957 (AJG)
                    Alleged Debtor.                :
                                                   :

**OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

**A P P E A R A N C E S**

LAW OFFICE OF LEO FOX
Attorney for Alleged Debtor
630 Third Avenue
New York, NY 10017

    Leo Fox, Esq.
            Of Counsel

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Attorneys for Petitioning Creditors
AV Diamonds, Inc., GM Gold and Diamonds, LP and
    Gold N Gems Holding, Inc.
425 Park Avenue
New York, NY 10022

    Scott S. Markowitz, Esq.
           Of Counsel

       This matter is before the Court on motions for summary judgment on the

involuntary petition for relief against Joe Aminian ("Aminian"). A Motion for Summary

Judgment for entry of an order for relief against Aminian) (the "Motion") was filed by

AV Diamonds, Inc. ("AV Diamonds") and GM Gold and Diamonds, LP ("GM Gold")

(collectively the "Petitioners").[1] A response and cross-motion for summary judgment of dismissal of the involuntary petition was filed by Aminian (the "Cross-Motion").

## BACKGROUND

Aminian is the owner and president of A&J Quality Diamonds, Inc. ("A&J"), a New York corporation. AV Diamonds is a Texas corporation that shipped merchandise to A&J having an alleged value of $166,733.50. *Debtor's Statement Of Uncontested Facts*, at para. 2. GM Gold is a Texas limited partnership that shipped merchandise to A&J having an alleged value of $146,548.05. *Id.* Gold N Gems filed its joinder in the involuntary petition at 5:45 p.m. the night before the hearing on the Motion and Cross-Motion. According to the cover letter from Petitioners' attorney, enclosing a copy of Gold N Gem's joinder as a petitioning creditor, Gold N Gems has a claim of $73,000.00. The Petitioners' claims against Aminian are based on guaranties that Petitioners claim Aminian signed, personally guarantying A&J's debts.[2]

On August 7, 2007, Petitioners in the present case filed an involuntary petition in United States Bankruptcy Court, Southern District of New York against A&J, which was assigned case no. 07-12496 (MG). That case was assigned to Judge Martin Glenn. The involuntary petition was contested. A trial was held on October 24, 2007. On October 29, 2007, Judge Glenn issued an opinion holding that the Petitioners had failed to prove that an order for relief should be granted, and dismissed the involuntary petition. In that case, Judge Glenn noted that "the record was devoid of evidence" of any of the factors

---

[1] AV Diamonds and GM Gold initially filed the involuntary petition. Subsequently, Gold N Gems Holding Inc. ("Gold N Gems") filed a joinder as a petitioning creditor. Gold N Gems is included in the collective term "Petitioners."

[2] Petitioners use the words "guarantee" and "guaranty" interchangeably. "In practice, *guarantee*, n., is the usual term, seen often, for example, in the context of consumer warranties or other assurances of quality or performance. *Guaranty*, in contrast, is now used primarily in financial and banking contexts in the sense 'a promise to answer for the debt of another.'" *Black's Law Dictionary*, 8th Ed. 723 (8th Ed. 2004) (quoting Bryan A. Garner, *A dictionary of Modern Legal Usage*, 394 (2d ed. 1995).

2

courts regularly examine in determining whether the debtor is generally not paying its debts as they become due, including the number and amount of other creditors' claims, and A&J's overall conduct of its affairs. Judge Glenn held that he was unable to conclude that A&J was generally not paying its debts as they became due, and dismissed the involuntary petition against A&J.

## DISCUSSION

Parties to Motion and Cross-Motion

Due to its late filing, Gold N Gems was not named on the Motion, nor were documents submitted on behalf of Gold N Gems in support of the Motion. Gold N Gems did not file a written joinder in Petitioners' Motion, nor a response to the Cross-Motion. However, Petitioners' attorney argued at the hearing on behalf of Gold N Gems as well as the other two Petitioners, and treated Gold N Gems as if it were a movant and respondent. Aminian's attorney set forth arguments at the hearing against Gold N Gems as if it were a movant in the Motion and respondent in Aminian's Cross-Motion. Therefore, the Court will treat Gold N Gems as if it had joined in the Motion, and finds that Gold N Gems waived any right to a written response to the Cross-Motion.

Creditors required to file an involuntary petition

Under 11 U.S.C. § 303(b)(1), an involuntary case may be commenced by three or more qualified creditors that meet the qualification requirements under that section. If the debtor has fewer than twelve creditors, a single qualified creditor may commence an involuntary case, *see* 11 U.S.C. § 303(b)(2). In a deposition taken in connection with the A&J involuntary case, Amenian admitted that he had fewer than twelve creditors.

3

Accordingly, this case may proceed so long as at least one of the Petitioners meets the qualification standard of 11 U.S.C. § 303(b)(1).

Qualification to be a petitioning creditor

Under 11 U.S.C. § 303(b)(1), in order to qualify as a petitioning creditor, the creditor must hold a claim that is "not contingent as to liability or the subject of a bona fide dispute as to liability or amount."  A creditor must satisfy both prongs of this test; the claim must not be subject to a bona fide dispute as to *either* liability *or* a dispute as to amount.

Standard for bona fide dispute

While there are various standards to interpret the "bona fide dispute" provision, the controlling law in the Second Circuit is an objective standard.  In *Key Mechanical v. BCD 56 LLC (In re BCD 56 LLC)*, 330 F.3d 111 (2d Cir. 2003)[3], the circuit noted that this standard "considers whether there is either a genuine issue of material fact that bears upon the debtor's liability or a meritorious contention as to the application of law to undisputed facts." *Id*., at 117.  Stated another way, "'[T]he bankruptcy court must determine whether there is an objective basis for either a factual or a legal dispute as to the validity of [the] debt.'" *Id*., quoting *In re Busick*, 831 F.2d 745, 750 (7th Cir. 1987).

---

[3] One aspect of *Key Mechanical* appears to have been superceded by the addition of the phrase "as to liability or amount" in Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, §§ 1234(a)(1)(A) and (a)(12), 119 Stat. 23 (April 20, 2005).  Prior to the 2005 amendments, unless a dispute as to amount eliminated the entire claim it did not constitute a bone fide dispute, at least under § 303(b)(1). *See Key Mechanical*, at 120; *In re Sims*, 994 F.2d 210, 221 (5th Cir.1993), cert. denied, 510 U.S. 1049, 114 S.Ct. 702, 126 L.Ed.2d 669 (1994) (claim that petitioner failed to mitigate damages would serve only to reduce creditor's damage and not eliminate it, thereby not creating a bona fide dispute).  As a result of the 2005 amendment, any dispute regarding the amount that arises from the same transaction and is directly related to the underlying claim should render the claim subject to a bona fide dispute. *See 2 Alan N. Resnick & Henry J. Sommer, Collier On Bankruptcy* ¶ 303.03[2][b], at 303-30 (15th rev. ed. 2006). However, the objective standard and test under that standard set forth in *Key Mechanical* remain valid.

4

The circuit also held that the requirement that the claim not be subject to a bona fide dispute is subject-matter jurisdictional. *Id.*, at 118. The circuit also adopted the Seventh Circuit's burden-shifting test. Under that test,

> the petitioning creditor must establish a prima facie case that no bona fide dispute exists. Once a prima facie case has been established, the burden shifts to the debtor to demonstrate the existence of a bona fide dispute. "Because the standard is objective, neither the debtor's subjective intent nor his subjective belief is sufficient to meet this burden," and "[t]he court's objective is to ascertain whether a dispute that is bona fide exists; the court is not to actually resolve the dispute."

*Id.*, quoting *Rimell v. Mark Twain Bank (In re Rimell)*, 946 F.2d 1363, 1365 (8th Cir. 1991) (internal citations omitted).

Application of objective test to claims of Petitioners

In an affidavit filed on March 10, 2008 (docket no. 21) in opposition to the Motion, Aminian states "I never voluntarily agreed to guarantee [sic] any debts of my company, including the debts owed to Diamond Star[4], GM Gold & Diamonds, Inc. or A-V Diamonds, Inc." *Affidavit* p.1 para.3. Aminian's subjective intent is irrelevant. The test for a bona fide dispute is an objective one. *See Key Mechanical*, at 117. Neither the debtor's subjective intent nor his subjective belief is sufficient to create a bona fide dispute. *Id*. The dispute must arise from the objective facts of the agreements the Petitioners assert form the basis for their claims. Once the existence of a bona fide dispute is established, intent may be relevant to resolve such dispute, but it is not, as stated above, relevant to establish the existence of the dispute.

*AV Diamonds*

---

[4] As discussed below, Diamond Star invoiced A&J for goods, and may be an entity related to GM Gold. Diamond Star is not named as a petitioning creditor.

5

In their pleadings, Petitioners implicitly conceded that AV Diamonds's claim is subject to bona-fide dispute as to whether the credit application complies with decisional law requiring clear acknowledgment of guaranties. Petitioners state "the Alleged Debtor argues that the guaranty language in the AV credit application is not enforceable under New York law. <u>This argument on its face may have some merit, however . . . the guaranty language may be enforceable if AV can establish the Alleged Debtor [had the] requisite intent to be bound personally</u>." *Reply to Alleged Debtor's Opposition To Petitioning Creditors' Summary Judgment Motion And [ ] Opposition To Alleged Debtor's Cross-Motion For Summary Judgment*, at p.1, para. 1 (emphasis added).

At the hearing, Petitioners' attorney effectively conceded that AV Diamonds's claim was subject to bona fide dispute. Petitioners' attorney stated that the issues as to AV Diamonds's claim raised in Aminian's response to Petitioners' Motion were a "decent argument that they have a bona fide dispute" and "probably makes that one subject to a bona fide dispute."

Based on an examination of the relevant document, the Court finds that a bona fide dispute to AV Diamonds's claim exists as to whether there is a clear acknowledgment of the guaranty. The guaranty may be enforceable, but that is in dispute and the court need not resolve the dispute in ascertaining whether a creditor's claim is subject to a bona-fide dispute. *Key Mechanical*, 330 F.3d at 118. AV Diamonds is ineligible to be a petitioning creditor under 11 U.S.C. § 303(b)(1).

<u>G.M. Gold</u>

Aminian contends that G.M. Gold's claim is also subject to a bona fide dispute. In support of this, he points to the incomplete guaranty provision in G.M. Gold's credit

6

application, and to the fact that invoices on this debt were under the name "Diamond Star, L.P." That name appears nowhere in the credit application, which specifically names four entities.[5] Aminian argues that asserting a guaranty under these facts violates of the Statute of Frauds' requirement that guaranties for the debts of another must be in writing and identify both the guarantor and the creditor.

Aminian further agues that the guaranty is ambiguous, creating a bona fide dispute. The guaranty provision states:

PERSONAL GUARANTY

I, _____ guarantees [sic] the payment of all sums that _____ (hereafter called "The Company") now or hereafter owes **GM Gold and Diamonds, L.P., , Silver Factory, L.P., Universal Gold, L.P., GM Diamond Center, Inc.,** should The Company default in payment of any sums due and payable – I agree to pay the above mentioned companies all such sums. I agree that my liability under this Guarantee [sic] shall not be affected by any change in terms of payment from The Company to the above mentioned companies.

|  |  |
|---|---|
| _____ | _____ |
| Signature of guarantor | Title |
| _____ | _____ |
| Dated | Home Phone |
| _____ |  |
| Home Address |  |

(emphasis in the original). There is no entry in either of the blanks in the body guaranty provision. As to the lines below the body, only the line above "Signature of guarantor" is completed.

Under New York law, a guaranty that is not completed is not automatically void. *See Deering Milliken, Inc. v. Georgette Juniors, Inc.,* 17 A.D.2d 405, 235 N.Y.S.2d 72

---

[5] The guaranty provision states that the guarantor guaranties the payment of all sums that the borrower "now or hereafter owes GM Gold and Diamonds, L.P., Silver Factory, L.P., Universal Gold, L.P., GM Diamond Center, Inc."

(N.Y.A.D. 1962) (Where guaranty provision stated that guaranty was "effective up to $_____" and blank was not filled in, issue was presented as to whether guaranty was intended by parties to be unlimited, precluding summary judgment in favor of guarantor). Thus, even if the guaranty does not violate the statute of frauds, a bona fide dispute exists as to the intent of the parties regarding the non-completed blanks in the guaranty paragraph.

Applying *Key Mechanical*'s objective test, the guaranty on its face is subject to a bona fide dispute. It is unclear in what capacity the credit application was signed by the debtor. It is not signed where it should have been. The parties are not clearly identified. The guaranty provision, although separated from the body of the remaining provisions, is incomplete. Whether a guaranty with as many omissions as this appears to have is enforceable against the guarantor cannot be determined from the document. Having identified a bona fide dispute the Court is not required to resolve it in the context of a controverted involuntary petition. G.M. Gold and its subsidiaries (named in the credit application and on the invoices sent to A&J) are ineligible to be petitioning creditors under 11 U.S.C. § 303(b)(1).

*Gold N Gems*

Gold N Gems is the third petitioning creditor. In Petitioners' counsel's cover letter enclosing the joinder, counsel asserts that "in a prior stipulation, A&J Quality Diamonds Inc. agreed that the claim of Gold N Gems is not subject to bona fide dispute." This stipulation does not appear in the docket in Aminian's case and no copy was provided in connection with the documents filed in the joinder. The stipulation referred to was filed in the A&J involuntary, case no. 07-12496, as docket no. 9. It is clear from the face of

8

that stipulation that it binds A&J in its case; there is a bona fide dispute as to whether it establishes that Aminian conceded that Gold N Gems has a claim against him.[6]

Petitioners' attorney further contends in the cover letter to the joinder that Mr. Aminian jointly applied for credit, and is not a guarantor but a co-obligor on the debt to Gold N Gems. These contentions are not contained in any pleading or document filed subject to Rule 11, and are of minimal probative value.

The Gold N Gems credit application is not as clear as Petitioners' attorney asserts. Under "Name of entity" is written "Joe – A & J." The signature block is endorsed: there is a signature in the "Entity Name" block, the signature line is not signed, the signature date line is blank, and the line for the title of the signer is blank. A bona fide dispute exists as to whether a contract containing a provision that is missing these elements, particularly the date, is enforceable.

Petitioners cite to the New York case *Brewster Transit Mix Corp. v. McLean*, 169 A.D.2d 1036, 565 N.Y.S.2d 316 (App. Div. 1991). In that case, the president of a company signed a credit application. Above the signature was the provision, "I, individually and as an officer, hereby guarantee [sic] to pay within the established terms for all purchases charged to my account," together with miscellaneous terms regarding

---

[6] The stipulation provides as follows:
    1. A&J Quality Diamonds, Inc. ("AJ" or the "Alleged Debtor"), hereby admits that the three (3) petitioning creditors GM Gold & Diamonds, L.P., A-V Diamonds, Inc. and Gold & [sic] Gem Holding[s], Inc. hold non-disputed unsecured claims which are not contingent as to liability *against A&J* in the sum of at least $12,300.00. It is further agreed that such claims are not subject to bona fide dispute.
    2. The Alleged Debtor has not paid the petitioning creditors' claims as required per the terms of the invoices.
    3. The petitioning creditors shall not subpoena or call Joe Aminian to testify [at] trial. However, in the event Joe Aminian is proffered as a witness by the Alleged Debtor, the petitioning creditors shall have the right to cross examine Mr. Aminian.
The stipulation was signed on behalf of the alleged debtor, A&J, by its attorney Leo Fox.

time for payment, service charges on unpaid balances, and attorneys' fees for collection.

Evaluating the language of the contract the Appellate Division noted that

> there was nothing in the language of the contract that makes the corporation the primary obligor, with defendant's liability secondary to that of the corporation, accruing only after default on the part of the corporation. Rather, defendant guaranteed [sic], both as an individual and as an officer of the corporation "to pay within the established terms for all purchases charged to my account." Despite the parties' use of the word guarantee [sic], we are of the view that the nature of defendant's obligation is the same as that of his corporation and, therefore, the only reasonable interpretation of the writing is that which makes defendant a co-obligor of his corporation's debts to plaintiff, not a guarantor of the payment of those debts.

*Id.*, 565 N.Y.S.2d, at 317-318.

The Gold N Gems credit application is not as clear as the application in *Brewster Transit Mix*. The Gold N Gems application language states

> The above referenced Corporation/Entity (the 'Entity') and the person signing this document (the 'Undersigned'), jointly referred to as 'We' or 'Us' apply for business credit from Gold n [sic] Gems Holding, Inc. (the 'GNG'). Undersigned represent and warrant . . . that this document is binding on undersigned and corporation and that undersigned is duly authorized to sign this document.

Aminian argues that this language does not create a co-obligor relationship, particularly when viewed in connection with the signature block in which the line for the printed name of the entity is filled with a signature, the actual signature line is blank, and also when viewed in light of the entry in the "Name of Entity" line at the top of the document in which is handwritten "Joe – A&J."

Applying the *Key Mechanical* test, the credit application on its face is subject to a bona fide dispute. It is unclear in what capacity the credit application was signed by the debtor. It is not signed where it should have been. No entity name is identified in the signature block. The title line for the signer is blank. The parties are not clearly

10

identified. The document is undated. Whether a document with as many omissions as this appears to have is enforceable against the parties to it cannot be determined from the document. As with G.M. Gold and Diamonds, the Court is not required to resolve the dispute in the context of a controverted involuntary petition. Gold N Gems is ineligible to be a petitioning creditor under 11 U.S.C. § 303(b)(1).

## **CONCLUSION**

Each of the Petitioners' claims against Aminian is subject to a bona fide dispute. Therefore, none of the Petitioners are qualified creditors under 11 U.S.C. § 303(b)(1) to file an involuntary petition against Aminian.

## **ORDER**

For the reasons set forth above, it is hereby

ORDERED that the Petitioners' Motion for Summary Judgment is **denied**; it is hereby

ORDERED that Aminian's Cross-Motion for Summary Judgment is **granted**; and it is hereby

ORDERED that he involuntary petition against Aminian is **dismissed**.

Dated: New York, New York
      March 25, 2008

                                      <u>s/Arthur J. Gonzalez</u>
                                      UNITED STATES BANKRUPTCY JUDGE

11